Samuel L. HENDERSON *v.* STATE of Arkansas

CR 01-1299                                      76 S.W.3d 857

Supreme Court of Arkansas
Opinion .delivered June 6, 2002

*Morse U. Gist, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant Samuel L. Henderson appeals from his conviction of first-degree murder for the shooting death of cab driver Paul Hill, for which Henderson was sentenced to life in prison.

We took this case under submission on June 6, 2002. In his appeal, Henderson asserts as one of his points that the trial court erred in denying his motion for new trial, a motion based on a claim of juror misconduct during the trial proceedings. Upon reviewing the materials included in Henderson's abstract and addendum, it is apparent that his filing was deficient in that several relevant pleadings and documents essential to the understanding of this point on appeal were not contained in Henderson's abstract or addendum. We are deferring action on this appeal until appellant fully complies with the provisions of Supreme Court Rule 4-2.

Supreme Court Rule 4-2(8)(b)(3) explains the procedure that we now follow when an appellant has failed to supply this court with a sufficient brief. The rule provides:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or addendum, the court may address the question at any time. If the court finds the abstract or addendum to be deficient such that the court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (7). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the rule.

*Id.*

Henderson has failed to comply with Supreme Court Rule 4-2. The rule in relevant part provides:

> Following the signature and certificate of service, the appellant's brief shall contain an addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, letter opinion, or Workers' Compensation Commission opinion from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the court's jurisdiction on appeal. In the case of lengthy pleadings or documents, only relevant excerpts in context need to be included in the addendum. Depending upon the issues on appeal, the addendum may include such materials as the following: a contract, will, lease, or any other document; proffers of evidence; jury instructions or proffered jury instructions; the court's findings and conclusions of law; *orders*; administrative law judge's opinion; discovery documents; requests for admissions; and *relevant pleadings or documents essential to an understanding of the*

*court's jurisdiction on appeal such as the notice of appeal.* The addendum shall include an index of its contents and shall also be clear where any item appearing in the addendum can be found in the record. The appellee may prepare a supplemental addendum if material on which the appellee relies is not in the appellant's addendum. Pursuant to subsection (c) below, the clerk will refuse to accept an appellant's brief if its addendum does not contain the required order, judgment, decree, ruling, letter opinion, or administrative law judge's opinion. The appellee's brief shall only contain an addendum to include an item which the appellant's addendum fails to include.

*Id.* (emphasis added).

In the case now before us, Henderson's portion of the abstract and addendum addressing his motion for new trial contains only the testimony of his two witnesses at the hearing on the motion. The following information, which is essential to an understanding of this issue in this case, is missing: (1) Henderson's motion for new trial; (2) the State's response to Henderson's motion for new trial; (3) the affidavits in support of the motion for new trial from Henderson's witnesses, Erica Henderson and Bobbie Conway; and (4) Henderson's notice of appeal and designation of the record. The State provided a supplemental abstract that included the trial court's order denying Henderson's motion for new trial. The other information missing from Henderson's abstract and addendum was not mentioned by the State.

■ Review of Henderson's motion for new trial, supporting affidavits, and the State's response are essential to our consideration of this appeal. Specifically, a review of these documents is needed for us to understand the arguments that were raised below and the arguments that the trial court considered when it denied Henderson's motion. Because Henderson has failed to comply with Rule 4-2, we are ordering him to submit a revised or supplemental abstract and addendum that contain all relevant pleadings and documents that are essential to an understanding of the issues raised in this appeal. Appellant must file a complying abstract, addendum, and brief within fifteen days from the entry of this order. Thereafter, appellee will have five days to respond.

IMBER, J., not participating.